THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RITA LEAPAI,<br><br>                    Plaintiff,<br><br>        v.<br><br>COLLECTION BUREAU OF AMERICA, LTD.,<br><br>                    Defendant. | CASE NO. C16-0766-JCC<br><br>ORDER GRANTING MOTION TO DISMISS |

This matter comes before the Court on Defendant Collection Bureau of America's (CBA) motion to dismiss for failure to state a claim. (Dkt. No. 9.) Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

I.      BACKGROUND

This action arises out of an alleged violation of the Fair Debt Collections Practices Act ("FDCPA"), specifically 15 U.S.C. § 1692e(8). (Dkt. No. 1 at 2–3.) 15 U.S.C. § 1692e provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt" and that "communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed" violates the FDCPA. 15 U.S.C. § 1692e(8). Plaintiff Rita Leapai alleges in her complaint that CBA reported an

alleged debt to a credit reporting agency, however Leapai does not provide the date on which CBA made the reporting. (Dkt. No. 1 at 3, ¶ 11.) Leapai further alleges that on November 19, 2015 she disputed the debt directly with CBA, but that CBA did not remove the credit account from her credit report or mark it as "disputed by consumer," thus violating the FDCPA. (*Id.* at 3, ¶ 12–13.) When she checked her credit report on January 4, 2016, the credit account was still there and was not marked as "disputed." (*Id.* at 3, ¶ 13.) Leapai contends that under these facts as alleged, CBA violated 15 U.S.C. § 1692e(8). (*Id.* at 3, ¶¶ 13, 16; Dkt. No. 11 at 5.)

## II. DISCUSSION

### A. Fed. R. Civ. P. 12(b)(6) Standard

A defendant may move for dismissal when a plaintiff "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To grant a motion to dismiss, the court must be able to conclude that the moving party is entitled to judgment as a matter of law, even after accepting all factual allegations in the complaint as true and construing them in the light most favorable to the non-moving party. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).

### B. Analysis

CBA argues that Leapai did not plead sufficient facts to show liability under 15 U.S.C. § 1692e(8) because she did not allege when CBA reported the debt to a credit reporting agency. (Dkt. No. 9 at 1, 6.) Leapai also has not alleged that CBA made any report to a credit reporting agency after she disputed the debt. (*Id.* at 6.) CBA contends that a violation of 1692e(8) occurs only when the dispute is already known by the debt collector when the initial, or subsequent, report is made. (*Id.* at 3.) CBA cites to *Hylkema v. Associated Credit Serv. Inc.*, 2012 WL 13681 (W.D. Wash. Jan. 4, 2012) for support.

In *Hylkema*, Magistrate Judge Theiler found that if a debt is disputed after a debt collector reports the debt to a credit reporting agency, the debt collector does not have an affirmative obligation to notify the agency of the dispute. *Id.* at *6. Absent authority from the Ninth Circuit, Magistrate Judge Theiler cited approvingly to *Wilhelm v. Credico, Inc.*, 519 F.3d

416, 418 (8th Cir. 2008):
> In [*Wilhelm*] the Eighth Circuit found no affirmative duty to report the fact that a consumer disputed a debt absent a communication in which that fact should have been reported. Instead, "if a debt collector elects to communicate 'credit information' about a consumer, it must not omit a piece of information that is always material, namely, that the consumer has disputed a particular debt." *Id.* The Court noted Federal Trade Commission (FTC) Staff Commentary to the FDCPA confirming its conclusion:
> 1. Disputed debt. If a debt collector knows that a debt is disputed by the consumer . . . and reports it to a credit bureau, he must report it as disputed.
> 2. Post-report dispute. When a debt collector learns of a dispute after reporting the debt to a credit bureau, the dispute need not also be reported.
>
> *Id.* (citing FTC Staff Commentary, 53 Fed. Reg. 50097-02, 50106 (Dec. 13, 1988).

*Hylkema*, 2012 WL 13681, at *7. Other courts have held similarly. *See Llewellyn v. Allstate Home Loans, Inc.*, 711 F.3d 1173, 1189 (10th Cir. 2013)("[A] debt collector does not have an affirmative duty to notify CRAs that a consumer disputes the debt unless the debt collector knows of the dispute and elects to report to a CRA"); *In re Benson*, 445 B.R. 445 (Bankr. E.D. Pa. 2010)(holding no subsequent reporting requirement arose if debt was disputed after it was reported to agency); *Phillips v. NCO Fin. Sys., Inc.*, 2014 WL 1405217, at *7 (E.D. Mich. Apr. 11, 2014)(same).

Leapai counters by citing to *Semper v. JBC Legal Group*, 2005 WL 2172377 (W.D. Wash. Sept. 6, 2005). (Dkt. No. 11 at 4–5.) In *Semper*, the debt collector violated § 1692e(8) because it failed to inform a credit reporting agency that the plaintiff's debt was disputed. 2005 WL 2172377, at *3. However, *Semper* is not helpful, because the issue was whether the FDCPA gives "debt collectors the authority to determine unilaterally whether a dispute has merit or whether to comply with the requirements of the FDCPA in a given case." *Id.*

This Court finds *Hylkema* and the other relevant authorities persuasive. Under that case law, Leapai would have to allege that she disputed the debt prior to CBA reporting it to an agency, or that after she disputed the debt, CBA made an additional report to the agency and

failed to inform it of the dispute. The only dates provided by Leapai are the date she filed a dispute with CBA, November 19, 2015, and the date she checked her credit report, January 4, 2016. (Dkt. No. 1 at 3.) Absent these dates, Leapai has failed to plead sufficient facts to support her claim.

### III. CONCLUSION

For the foregoing reasons, Defendant CBA's motion to dismiss (Dkt. No. 9) is GRANTED. The Court ORDERS that Plaintiff's claims are dismissed without prejudice.

DATED this 22nd day of September 2016.

John C. Coughenour
UNITED STATES DISTRICT JUDGE